

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DAVID ROMANKOW and JACLYN ROMANKOW,
*on behalf of themselves and all others similarly situated,*

           Plaintiffs,

     -against-

NEW YORK UNIVERSITY,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                MEMORANDUM DECISION
                 AND ORDER

                20 Civ. 4616 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiffs Jaclyn Romankow, a visiting student enrolled in New York University's London study abroad program, and her father David Romankow, bring this putative class action against New York University. Much like the cases already decided by this Court, Plaintiffs bring this lawsuit for breach of contract, unjust enrichment, and conversion. (*See* First Amended Compl. ("FAC"), ECF No. 20, ¶¶ 107–133); *see also Zagoria v. New York Univ.*, 2021 WL 1026511 (S.D.N.Y. Mar. 17, 2021); *Morales v. New York Univ.*, 2021 WL 1026165 (S.D.N.Y. Mar. 17, 2021). Specifically, Plaintiffs seek a refund of tuition and fees in connection with NYU's decision to move all classes to remote learning in response to the COVID-19 pandemic. NYU moves to dismiss Plaintiffs' class action complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that David Romankow lacks the requisite standing under Article III to bring this action as a parent, and that the complaint otherwise fails to state a claim. (*See* Notice of Mot. to Dismiss, ECF No. 29.) NYU's motion to dismiss is GRANTED.

## I.  FACTUAL BACKGROUND

The facts of this case are straightforward and similar to those presented in both *Zagoria* and *Morales*. During the Spring 2020 academic semester, Jaclyn Romankow was enrolled as a

full-time undergraduate student in NYU's study abroad program in London. (FAC ¶ 13.) On March 16, 2020, NYU announced that it would be "closing residence halls and holding classes remotely through the end of the semester." (*Id.* ¶ 5.) At NYU's urging, Jaclyn returned from London on March 16, 2020. (*Id.* ¶ 16.) Her education continued via online instruction, which she alleges was of a decreased quality and was an experience she found to be both "disruptive and ineffective." (*Id.* ¶¶ 18–20.)

According to the Plaintiffs, David Romankow "was responsible for and paid the tuition bill on behalf of his daughter." (*Id.* ¶ 13.) Plaintiffs maintain that they paid NYU "for opportunities and services that Jaclyn will not receive, including on-campus education, facilities, services, and activities" and that NYU has "refused to provide any tuition adjustments" or "give a prorated refund for fees." (*Id.* at ¶¶ 13, 90, 91.) Thus, Plaintiffs seek a refund of tuition and certain fees.[1] (*Id.* ¶¶ 93, 119, 127.)

## II.  LEGAL STANDARDS
### A.  Standing

"Standing is 'the threshold question in every federal case, determining the power of the court to entertain the suit.'" *Ross v. Bank of America, N.A.*, 524 F.3d 217, 222 (2d Cir. 2008) (quoting *Denney v. Deutsche Bank AG*, 443 F.3d 253, 263 (2d Cir. 2006)). To invoke the jurisdiction of a federal court, a plaintiff must establish that they have standing under Article III of the Constitution. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). A district court must dismiss a complaint for lack of subject matter jurisdiction, under Rule 12(b)(1) of the Federal Rules of Civil Procedure, if a plaintiff fails to establish standing to bring the action. *Cortlandt St. Recovery Corp. v. Hellas Telecomm.*, 790 F.3d 411, 416–17 (2d Cir. 2015).

[1] NYU represents that they "refunded housing and meal costs *pro rata*" after the campus' closure. (Def. MTD Mem. at 5.) Additionally, "NYU also refunded certain activity fees, following evaluation of 'dozens of individual school-and course-based fees for the purpose of determining potential refunds.'" (*Id.*)

2

## B. Rule 12(b)(6) Failure to State a Claim

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully;" stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).[2]

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013).

---

[2] "In deciding a motion to dismiss under Rule 12(b)(6), the court may refer 'to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'" *Fishbein v. Miranda*, 670 F. Supp. 2d 264, 271 (S.D.N.Y. 2009) (quoting *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

### III.    DAVID ROMANKOW LACKS STANDING TO SUE

To bring suit in federal court, a party must meet the standing requirements of Article III of

the Constitution.  Article III requires that plaintiffs "alleg[e] such a personal stake in the outcome

of the controversy as to . . . justify [the] exercise of the court's remedial powers on [their] behalf."

*Town of Chester, N.Y. v. Laroe Ests., Inc.*, 137 S. Ct. 1645, 1650 (2017).  Thus, a plaintiff bears

the burden of establishing the three "irreducible constitutional minimum" elements of Article III

standing.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560(1992).  "The plaintiff must have

(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant,

and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136

S. Ct. 1540, 1547 (2016).

"Under the injury-in-fact requirement . . . a plaintiff must show that he or she suffered an

invasion of a legally protected interest that is concrete and particularized and actual or imminent,

not conjectural or hypothetical." *Vullo v. Off. of Comptroller of Currency*, 378 F. Supp. 3d 271,

282 (S.D.N.Y. 2019) (quoting *Spokeo*, 136 S. Ct. at 1547–48.)  To be "particularized," an injury

must affect the plaintiff "in a personal and individual way," and to be "concrete" an injury "must

be 'de facto'; that is, it must actually exist." *Spokeo*, 136 S. Ct. at 1548.  For an injury to be "actual

or imminent," a plaintiff must allege a non-speculative injury. *See Lujan*, 504 U.S. at 583–84.

Here, David Romankow argues that he has standing because he was "responsible for and

paid the tuition bill on behalf of his daughter." (Mem. of Law in Opp'n to Def.'s Motion to Dismiss

("Pls.' Opp'n"), ECF No. 35, at 12.)  David Romankow also asserts that he suffered "economic

loss" due to NYU's "switch from the more valuable in-person education and campus access they

contracted for to the less valuable online-only education." (Pls.' Opp'n at 11.)  NYU argues that

David Romankow's payment of his adult daughter's tuition does not confer standing, and in its

4

motion provides multiple exhibits demonstrating that Jaclyn Romankow's NYU account was in her name (not her father's) and that she maintained responsibility for keeping her accounts "paid on time and in full." (Mem. of Law in Supp. of Def.'s Motion to Dismiss ("Def. MTD Mem."), ECF No. 30, at 13.)

Plaintiffs fail to allege any creditable theory of standing as to David Romankow. Plaintiffs do not plausibly allege that Jaclyn Romankow is a minor child or that David Romankow was an intended third-party beneficiary. *See Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 761 (E.D. Tenn. 2009) ("It is fairly evident that the 'payment of tuition does not create a contractual relationship between parents and a college' when the parents' child is over the age of majority"). David Romankow argues that he "was denied the on-campus experience for his daughter which he had contracted for" but he alleges no facts which dictate the conclusion that he and NYU had a contractual relationship. (Pls.' Opp'n at 3.) While David Romankow maintains that he is responsible for paying his daughter's tuition, such responsibility stems from an arrangement between father and daughter, not a contractual relationship between David Romankow and NYU. Moreover, any "economic loss" David Romankow believes he suffered as a result of NYU's transition to online courses is also traceable to the arrangement between father and daughter. *See Salerno v. Fla. S. Coll.*, 2020 WL 5583522, *4 (M.D. Fla. Sept. 16, 2020); *Metzner v. Quinnipiac Univ.*, 2021 WL 1146922, at *5 (D. Conn. Mar. 25, 2021). Simply put, David Romankow, not being an NYU student, has suffered no injury at the hands of NYU.

Thus, this Court, like many others considering parental standing in this context, finds that David Romankow does not have standing to pursue his claims. *See Bergeron v. Rochester Inst. of Tech.*, 2020 WL 7486682, *3–4 (W.D.N.Y. Dec. 18, 2020); *Espejo v. Cornell Univ.*, 2021 WL 810159, at *2 (N.D.N.Y. Mar. 3, 2021); *Salerno*, 2020 WL 5583522, *4; *Lindner v. Occidental*

*Coll.*, 2020 WL 7350212, \*6 (C.D. Cal. Dec. 11, 2020); *Doe v. Emory Univ.*, 2021 WL 358391, \*2–3 (N.D. Ga. Jan. 22, 2021); *Metzner*, 2021 WL 1146922 at \*3–5. Accordingly, David Romankow's claims are dismissed in their entirety.

## IV.    JACLYN ROMANKOW FAILS TO STATE A CLAIM

The legal analysis and applicable substantive law discussed in *Zagoria* applies with equal weight here.

The complaint fails to state a claim for breach of contract. As explained in *Zagoria*, while the contractual relationship between a student and a university may allow a student to seek redress for alleged breaches by the university, it does not "provide judicial recourse for every disgruntled student." *See Zagoria*, 2021 WL 1026511 at \*4 (quoting *Gally v. Columbia Univ.*, 22 F. Supp. 2d 199, 207 (S.D.N.Y. 1998)). In the context of the student-university implied contract, "a student must identify specifically designated and discrete promises." *Id.* (quoting *Nungesser v. Columbia Univ.*, 169 F. Supp. 3d 353, 370 (S.D.N.Y. 2016)). A "'specific disclaimer[ ]' in the [university] catalogue, however, may excuse the university from a specific promise that would otherwise be a contractual obligation." *Deen v. New Sch. Univ.*, 2007 WL 1032295, at \*2 (S.D.N.Y. Mar. 27, 2007) (quoting *Prusack v. State*, 498 N.Y.S.2d 455, 456 (App. Div. 1986)).

Here, Jaclyn Romankow bases her claims, in part, on statements from NYU's website that London study abroad students would "spend three days a week throughout the semester within the prestigious [Royal Academy of Dramatic Art] facilities," receive combat training from RADA entitling students to a "three-year certification from the British Academy of Stage and Screen Combat," and make "weekly theater visits to the West End and fringe theaters."[3] (FAC ¶ 77–78.)

---

[3] Jaclyn Romankow also claims that NYU made promises regarding certain Shakespearian courses, including the number of hours of course instruction. (FAC ¶ 20.) It is unclear where she claims NYU made these promises as this section of the complaint does not cite to any NYU website, brochure, or bulletin. Plaintiffs' phrasing, even when freed from the restraints of direct quotation, demonstrates the lack of an

NYU argues that it was not contractually obligated to provide these services without any "deviation or adjustment." (Def. MTD Mem. at 20.) To underscore this argument, NYU points to a disclaimer contained in the Tisch School of the Arts, 2019-2021 Bulletin. (*Id.* Ex. 16.) The disclaimer states, in relevant part, that "course offerings, schedules, activities . . . of the school and its departments and programs set forth in this bulletin are subject to change without notice at any time at the sole discretion of the administration" and that "[s]uch changes may be of any nature, including, but not limited to, the elimination of the school, programs, classes, or activities; the relocation of or modification of the content of any of the foregoing; and the cancellation of scheduled classes or other academic activities." (*Id.*)

Given the broad scope of this disclaimer it is clear that NYU expressly reserved the right to change, relocate, and/or modify its course offerings. *See Lindner*, 2020 WL 7350212 at *8 (dismissing claim premised on statements in course catalog and syllabi where the university expressly reserved the right to make changes to programs and courses.) Moreover, Plaintiff has not pointed to any express language that demonstrates NYU "relinquished its authority" to alter the method of academic instruction. *Gertler v. Goodgold*, 107 A.D.2d 481, 485, *aff'd*, 66 N.Y.2d 946, (1985). Thus, Jaclyn Romankow has failed to state a claim for breach of contract.[4]

_____

express promise. Each of Plaintiffs' bullet points notes only that classes were "intended to consist" of a certain number of hours of in-class rehearsal time or instruction, but this intention is not a guarantee. In any event, even if such statements were specific promises, they would also be covered by NYU's disclaimer.

[4] Similarly, Jaclyn Romankow does not point to any express language promising the "certain specified service" of in-person classes. *Baldridge v. State*, 293 A.D.2d 941, 943 (3d Dep't 2002). While the materials cited in the complaint reference building locations and general classrooms numbers, these statements do "not imply a contractual entitlement to continued instruction in the same location and manner." *In re Columbia Tuition Refund Action*, , 2021 WL 790638, at *4 (S.D.N.Y. Feb. 26, 2021). Many statements cited by Plaintiffs from the NYU website, whether related to New York or the London study abroad program, are statements of "opinion or puffery" that are "too vague to be enforced as a contract." *Bader v. Siegel*, 238 A.D.2d 272, 272 (1st Dep't 1997), (FAC ¶¶ 29–35.)

7

As to fees, the complaint is unclear as to which fees were paid, which fees may have been refunded, and which fees should have been refunded but were not. (FAC ¶ 13.) The only specific fee cited in the Complaint is the "registration and services fees." (*Id.* ¶ 85.) The conclusory allegation that fees are related to an on-campus experience falls short of the specific statements necessary to reflect a promise to provide certain in-person services in exchange for students paying those fees. *But cf. Bergeron v. Rochester Inst. of Tech.*, 2020 WL 7486682, at *1 (W.D.N.Y. Dec. 18, 2020) (providing specific details of student activity and health services fees, including the allegation that the university did not offer refunds for those fees).

The complaint's unjust enrichment claim is also dismissed for all of the reasons identified in *Zagoria*. *See Zagoria*, 2021 WL 1026511 at *5. Plaintiffs here also asserts a claim for conversion. (FAC ¶¶ 128–133.) Under New York law, a "cause of action for conversion cannot be predicated on a mere breach of contract." *Jeffers v. Am. Univ. of Antigua*, 125 A.D.3d 440, 443 (1st Dep't 2015). Here, the conversion claim is premised on the same allegations as the breach of contract claim. Accordingly, the conversion claim is dismissed.

## V.   LEAVE TO AMEND

Plaintiffs indicate in their briefing that should their claims be denied, they intended to move for leave to file an amended complaint. (Pls.' Opp'n at 30.) Federal Rule of Civil Procedure 15(a) provides that a district court may grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a). *See also Perez v. 117 Ave. of the Ams. Food Corp.*, 2016 WL 5415090, at *1 (S.D.N.Y. Sept. 27, 2016) ("A district court has broad discretion in determining whether to grant leave to amend.") (citation omitted). Plaintiffs may submit, by letter application, a proposed amended complaint if such amendment would not be futile. The letter application must be filed on or before May 4, 2021.

## VI.    CONCLUSION

Defendant's motion to dismiss the, (ECF No. 29), is GRANTED.  The Clerk of Court is

directed to close the motions accordingly.


Dated: New York, New York
       April 21, 2021

                                          SO ORDERED.

                                          *George B. Daniels*

                                          GEORGE B. DANIELS
                                          United States District Judge

9